THE HONORABLE, THE ASSEMBLY Legislature
Resolution 32, 1973 session, although divided into five questions, can be summarized as inquiring whether the constitutional rights of the physically disabled are denied by the failure of the state to require buildings, both public and private as defined in sec. 101.01 (2) (a) and (h), Stats., to be so constructed and maintained as to be accessible to those whose mobility is limited because of such physical disability. The Resolution directs my attention to the federal and state constitutional rights of "reasonable access" to such premises, to the "equal protection of the laws" in respect to equal employment opportunities or otherwise, to "access to the seats of government," and to "travel and freedom of movement." In addition, the *Page 88 
Resolution inquires whether the state, other units of government, and the owners of other buildings have "an affirmative duty" to provide such disabled persons "with equal access to such buildings."
1. THE CONSTITUTIONAL RIGHTS INVOLVED
The First Amendment to the United States Constitution provides:
 "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."
The Fourteenth Amendment to the United States Constitution, Section 1, provides:
 ". . . No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
Article I, Section 1 of the Wisconsin Constitution, provides:
 "All men are born equally free and independent, and have certain inherent rights; among these are life, liberty and the pursuit of happiness; to secure these rights, governments are instituted among men, deriving their just powers from the consent of the governed."
Article I, Section 3 of the Wisconsin Constitution, provides:
 "Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right, and no laws shall be passed to restrain or abridge the liberty of speech or of the press . . . ."
Article I, Section 4 of the Wisconsin Constitution, provides:
 "The right of the people peaceably to assemble, to consult for the common good, and to petition the government, or any department thereof, shall never be abridged."
The First Amendment to the United States Constitution applies to the states through the operation of the Fourteenth Amendment. See *Page 89 Redrup v. New York (1967), 386 U.S. 767, 87 S.Ct. 1414,18 L.Ed. 2d 515.
The right of "access" derives from the First Amendment. SeeCruz v. Beto (1972), 405 U.S. 319, 321, 92 S.Ct. 1079,31 L.Ed.2d 263. The right of "access" is usually identified with the right to be heard. See United Transportation Union v. State Bar ofMichigan (1971), 401 U.S. 576, 585, 91 S.Ct. 1076,28 L.Ed.2d 399; Johnson v. Avery (1969), 393 U.S. 483, 89 S.Ct. 747,21 L.Ed.2d 718. The supreme court has, however, spoken of "access" in the sense of physical access to a public place. Grayned v.City of Rockford (1972), 408 U.S. 104, 92 S.Ct. 2294, 2304,33 L.Ed.2d 222. Such physical access to a public place for the purpose of exercising First Amendment rights cannot be broadly denied. Grayned, supra, 92 S.Ct. at 2304.
There is no constitutional right of access to private property, except where a private entity assumes the functions of a government, as in the case of the modern shopping center complex,Food Employees v. Logan Valley Plaza (1972), 391 U.S. 308, 319,88 S.Ct. 1601, 20 L.Ed.2d 603, and the company-owned town, Marshv. Alabama (1946), 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265.
Thus, there is a First Amendment right to access to public properties, including seats of governments, but not to private properties with certain limited exceptions.
11. THE NATURE OF PROHIBITED STATE ACTION
The Fourteenth Amendment denies to states the power to "abridge" privileges and immunities, to "deprive" any person of life, liberty or property, and to "deny" any person the equal protection of the laws. These key words — "abridge, " "deprive," and "deny" — are collectively defined as prohibited "state action."
At the outset it should be noted that the Fourteenth Amendment does not ban private discrimination however wrongful the conduct may be. Shelley v. Kraemer (1948), 334 U.S. 1, 13, 68 S.Ct. 836,92 L.Ed. 1161. Private action is transformed into state action where state involvement is so significant that it commands the result. Adickes v. S. H. Kress and Company (1970), 398 U.S. 144,170, 90 S.Ct. 1598, 26 L.Ed.2d 142. Such a command occurs "by imposing sanctions or withholding benefits." Adickes, supra,398 U.S. at 168. *Page 90 
Thus, private action is transformed into prohibited state action only where the state involvement commands the result or is of similar significance. In order for state activity in this area to be considered prohibited, existing legal precedent concludes that the connection must be proximate, not remote.
The Wisconsin Supreme Court has held that state action consists in affirmative conduct requiring or permitting the impairment. See Ford v. Wisconsin Real Estate Examining Bd. (1970), 48 Wis.2d 91,110-111, 179 N.W.2d 786.
Thus, state action must affirmatively impair or discriminate albeit in a permissive manner. See also Vanden Broek (Town of) v.Reitz (1971), 53 Wis.2d 87, 98, 191 N.W.2d 913.
This concept may be expressed as a requirement of a proximate cause-effect relationship between the state action and the adverse impairment or discrimination.
 III. APPLICATION TO RESOLUTION 32 OF THE CONSTITUTIONAL RIGHTS INVOLVED AND THE NATURE OF PROHIBITED STATE ACTION
The general principle involved is that the prohibited state action must bear a proximate cause or relationship with the particular activity or rights in question. This relationship has been expressed as "significant" or "affirmative" and, though it need not be direct, it must be other than remote.
Existing legal precedent would conclude that the condition of a physical disability which impedes the exercise of constitutional rights does not get its impetus from the state. This fact means that the requisite state action must be shown to be affirmative in the sense that it enforces, encourages or fosters the impairment or discrimination.
In the absence of a total denial of protected freedoms, in order for state action to be considered prohibited state action, the state action must be affirmative action that actually encourages or fosters the impairment of said protected freedoms. *Page 91 
The enactments and requirements envisioned by Resolution 32 are obviously desirable, if not absolutely essential. However, under the present case law, they are not constitutionally mandated.
While these essential ingredients are not constitutionally mandated under the present case law, it is far more important to recognize that they are not constitutionally prohibited. The Wisconsin Legislature has already taken certain steps to aid the physically handicapped by empowering the Department of Industry, Labor and Human Relations with the authority to provide by rule minimum requirements to facilitate the use of public buildings by physically handicapped persons where such traffic might reasonably be expected by such persons. The Legislature now also requires a provision for reasonable ingress and egress by the physically handicapped to newly constructed public buildings (sec. 101.13, Stats.), and to require curb ramps at newly constructed city and village crosswalks (sec. 66.616, Stats.).
I believe that the Legislature has a fundamental duty to seriously consider exercising its discretion in this area and remove the various barriers that presently confront our handicapped citizens on a daily basis in existing public buildings and facilities throughout the state of Wisconsin.
There are today certain restrictions and burdens imposed upon physically disabled who, but for architectural barriers in public buildings and government buildings, could effectively pursue an occupation or profession. We should not, in light of our alleged modern-day social standards and awareness, allow the construction or maintenance of public buildings which are inaccessible to handicapped citizens. Government is and should be the social entity to which all in our society look for the promotion of liberty, justice, fair and equal treatment, and the setting of worthy means and goals.
While we have no direct authority from any recognized appellate court of last resort in this particular area, a recent enlightened decision of the United States District Court for the District of Columbia held that handicapped children constitute a class entitled to equal protection under the due process and equal protection clauses of the United States Constitution. Millsv. Board of Education, 348 F. Supp. 866 (DDC, 1972). In Mills, the court held that, so long as the District of Columbia had undertaken to provide a *Page 92 
system of publicly supported education for the children of the District, it must be made available to all children in equal terms. In extending and further applying this concept, a fortiori, the government's conduct of denying handicapped citizens as a class not just equal access to public buildings, but in most instances no appreciable access at all, while providing such access to other citizens, could be construed or interpreted as violative of the due process clause of the United States Constitution. Other lower courts have also suggested their support for this proposition, though not reaching the specific merits of any particular fact situation appreciably analogous to the content of Resolution 32.
While present legal precedent compels me to conclude that the Constitution does not demand such remedial measures, I am of the opinion that the Legislature has an affirmative duty to ensure equal access to public buildings, seats of government and other government buildings to all constituted classes of citizens, including the physically handicapped.
RWW:DCM